- 1 -

JOHN A. YANCHUNIS (*pro hac vice*)
jyanchunis@forthepeople.com
RYAN J. McGEE (*pro hac vice*)
rmcgee@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone:   (813) 223-5505
Facsimile:    (813) 223-5402

*Counsel for Plaintiffs Matt Matic and*
*Zak Harris*

FRANKLIN D. AZAR (*pro hac vice*)
azarf@fdazar.com
MARGEAUX R. AZAR (*pro hac vice*)
azarm@fdazar.com
**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
14426 East Evans Avenue
Aurora, Colorado 80014
Telephone:     (303) 757-3300
Facsimile:      (720) 213-5131

*Counsel for Plaintiffs Charles Olson and*
*Eileen M. Pinkowski*

Clayeo C. Arnold, SBN 65070
carnold@justice4you.com
Joshua H. Watson, SBN 238058
jwatson@justice4you.com
**CLAYEO C. ARNOLD**
**A PROFESSIONAL LAW**
**CORPORATION**
865 Howe Avenue
Sacramento, California 95825
Telephone:     (916) 777-7777
Facsimile:      (916) 924-1829

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE GOOGLE PLUS PROFILE LITIGATION | Case No. 5:18-cv-06164-EJD (VKD) |
|---|---|
| | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and all briefing, arguments, exhibits and other evidence submitted in support thereof, including the Class Action Settlement Agreement ("Agreement"), dated January 6, 2020 and executed by Plaintiffs Matt Matic, Zak Harris, Charles Olson, and Eileen M. Pinkowski, and by Google LLC ("Google"), it is hereby ORDERED as follows:

1.      Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Agreement.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and has personal jurisdiction over the Parties. Venue is proper in this District.

3.      The following "Class" is provisionally certified, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(e):

> All persons residing within the United States who (1) had a consumer Google+ account for any period of time between January 1, 2015 and April 2, 2019; and (2) had their non-public Profile Information exposed as a result of the software bugs Google announced on October 8, 2018 and December 10, 2018.

4.      The Court finds that, for settlement purposes only, the Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(2)—namely, that for settlement purposes, (1) the Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) the Plaintiffs' claims are typical of those of the Class Members; (4) Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the interests of Class Members; and (5) as alleged, Google has acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

5. Certification of the Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

6. The Court preliminarily approves the proposed Settlement as fair, reasonable and adequate, entered into in good faith, free of collusion, and within the range of possible judicial approval. The Court notes that the Settlement was reached through significant arms-length negotiations assisted by an experienced mediator, Mr. Randall W. Wulff.

7. The Court appoints Plaintiffs Matt Matic, Zak Harris, Charles Olson, and Eileen M. Pinkowski as class representatives for the Class.

8. The Court appoints the following attorneys as Class Counsel for the Class: John A. Yanchunis and Ryan J. McGee of Morgan and Morgan Complex Litigation Group; Clayeo C. Arnold and Joshua H. Watson of Clayeo C. Arnold Professional Law Corporation; and Franklin D. Azar and Margeaux R. Azar, of Franklin D. Azar & Associates, PC.

9. The Court appoints Angeion Group ("Angeion") to serve as the Settlement Administrator and directs Angeion to carry out all duties and responsibilities of the Settlement Administrator as specified in the Agreement and herein.

10. Pursuant to Rule 53 of the Federal Rules of Civil Procedure, and with the consent of the parties, the Court hereby appoints former Magistrate Judge Elizabeth LaPorte of JAMS, or another neutral as decided by the Court as special master ("the Special Master") in this action for the limited purpose of reviewing applications and selecting at least one and up to ten recipients for cy pres distributions from the Settlement Fund. Anyone, including any party or their counsel, may invite an appropriate entity to submit an application to the Special Master to receive a cy pres distribution from the Settlement Fund. Such an application must be submitted to the Special Master within 30 days after entry of this Preliminary Approval Order and must include a sworn declaration

- 3 -

under penalty of perjury from an officer or director of the proposed recipient providing at least the following:

a)      A statement identifying the legal name of the recipient, its state of incorporation and/or registration, and its principal street address;

b)      A statement summarizing the nature of the recipient's business and its activities, including a description of any past or planned activities to promote public awareness and education, and/or to support research, development, and initiatives, related to Internet browsing safety and privacy;

c)      A statement that the recipient agrees to devote any funds from the Settlement to promote public awareness and education, and/or to support research, development, and initiatives, related to the security and/or privacy of Internet browsers;

d)      A statement either (i) disclosing any existing or prior relationship to the Special Master, to the assigned District Judge in this action, the named parties, or any attorney of any of the named parties, including disclosure of any prior donations or cy pres distributions received from the parties, or (ii) declaring that the declarant has inquired into the existence of such relationships and has no reason to believe that any such relationships exist; and

e)      A statement that the applicant will produce a witness to testify on these topics at the hearing on the motion for final approval of the Settlement, if necessary.

11.      Following the application deadline, the Special Master shall proceed with all reasonable diligence to review the applications received and select between one and ten applicants, in the Special Master's broad discretion, that (1) submitted the sworn declaration described above by the application deadline, (2) have no significant prior affiliation with the Special Master, any party, counsel, or the Court that would raise substantial questions about whether the selection of the recipient was made on the merits, and (3) are most likely to use Settlement funds efficiently for the

intended purpose. Within 14 days after the application deadline, the Special Master shall prepare and file with the Court a brief report identifying the applicants selected and stating that the Special Master has reviewed the applications from these applicants and determined that they satisfy the criteria stated above. The report shall also include a list of the applicants who were not selected and shall attach copies of all applications received from all applicants. The report need not explain why any applicant was not selected.  In performing the tasks described herein, the Special Master shall spend no more than five hours of the Special Master's time without written agreement from the parties and shall be compensated for time spent by submitting an invoice to the parties which will be paid from the Settlement Fund by the Settlement Administrator.

12.     The Court orders Google to make an initial non-reversionary advance payment in the amount of seven hundred fifty thousand dollars ($750,000) ("Advance") by check or wire transfer to the Settlement Administrator within thirty (30) days following the entry of this Order. Should the Court grant Final Approval, the balance of the $7,500,000 Settlement Fund (i.e., $6,750,000) ("Balance") will be paid to the Settlement Administrator within 10 days after the entry of a Final Approval Order.

13.     The Settlement Administrator shall maintain the Advance in an interest-bearing account to constitute a "qualified settlement fund" ("QSF") within the meaning of Section 1.468B-1 of the Treasury Regulations promulgated under the U.S. Internal Revenue Code of 1986, as amended. Google shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Advance or any other amount Transferred to the QSF pursuant to this Settlement Agreement. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and

complying with any applicable information reporting or tax withholding requirements imposed by

Section 1.468B-2(*l*)(2) of the Treasury Regulations or any other applicable law on or with respect

to the QSF. Google and the Settlement Administrator shall reasonably cooperate in providing any

statements or making any elections or filings necessary or required by applicable law for satisfying

the requirements for qualification as a QSF, including any relation-back election within the meaning

of Section 1.468B-1(j) of the Treasury Regulations.

14.     The Court approves the program for disseminating notice to Class Members set forth

in the Agreement and Exhibits A and B thereto (herein, the "Notice Program"). The Court approves

the form and content of the proposed forms of notice, in the forms attached as Exhibits A and B to

the Agreement. (Doc. 57-2). The Court finds that the proposed forms of notice are clear and readily

understandable by Class Members. The Court finds that the Notice Program, including the proposed

forms of notice, is reasonable and appropriate and satisfies any applicable due process and other

requirements, and is the only notice to the Class Members of the Settlement that is required.

15.     Class List: Following entry of this Order, Google shall compile the list of known email

addresses from its records which are reasonably calculated to inform U.S. consumer users of the

Google+ service of the Settlement (the "Class List").

16.     Google is hereby authorized to provide the Class List, including such information in

the Class List that may be subject to 26 U.S.C. § 7216, to the Settlement Administrator, as needed.

The Settlement Administrator is authorized to use the Class List, including such information in the

Class List that may be subject to 26 U.S.C. § 7216, consistent with, and solely to effectuate, the

terms of this Settlement. The Settlement Administrator shall maintain the Class List in a secure

manner at all times and shall not disclose the Class List or any other personally identifiable

information of Class Members to any third parties.

17.     Email Notice:  The email notice shall be effectuated by no later than sixty (60) days after entry of this Order (the "Notice Deadline"), substantially in the form attached as Exhibit B to the Agreement, (Doc. 57-2), as provided in the Notice Program.

18.     Settlement Website: As soon as practicable, but no later than ten (10) business days following the entry of this Order, the Settlement Administrator shall establish an Internet website, at the URL, www.GooglePlusDataLitigation.com (the "Settlement Website"), where Class Members can obtain further information about this Action, the Settlement, and their rights. The Settlement Website shall be optimized for display on mobile devices. The Settlement Website shall include, and make available for download: a copy of the Agreement; the operative complaint in this Action; a long-form class notice ("Long-Form Notice") substantially in the form attached as Exhibit B to the Agreement, (Doc. 57-2); a claims form ("Claims Form") substantially in the form attached as Exhibit A to the Agreement, (Doc. 57-2); and such other case documents as agreed to by the Parties. The Settlement Website shall also include a list of deadlines, as well as contact information for the Settlement Administrator. The Settlement Website shall be operational until at least the Effective Date of the Settlement. The Settlement Website shall include an appropriate mechanism for Class Members to update their contact information.

19.     Press Release: As soon as practicable, but no later than ten (10) business days following the entry of this Order, Class Counsel shall issue a press release ("Press Release"), which Google's counsel will have the opportunity to review and reasonably approve prior to publication. The Press Release will provide notice of the Settlement, a link to the Settlement Website, and contact information for the Settlement Administrator. The Press Release will be issued through PR Newswire's US1 commercial newswire service and will also be posted on the Settlement Website and Class Counsel's respective websites.

20.     All costs and expenses of the Notice Program and other costs of the Settlement Administrator shall be paid from the Advance.

21.     No later than seven (7) days before the Final Approval Hearing, the Settlement Administrator shall file an affidavit with the Court confirming its implementation of the Notice Program.

22.     Any Class Member who seeks to file a claim shall do so within one-hundred-twenty (120) days following entry of this Order (the "Claims Deadline").

23.     Any Class Member may comment on, or object to, the Settlement, Class Counsel's application for attorneys' fees and costs, and/or the request for Plaintiff service awards. To be considered, an objection must be in writing, must be filed with or mailed to the Court, and mailed to the Settlement Administrator at the address listed in the Long Form Class Notice, postmarked no later than one-hundred-twenty (120) days following entry of this Order (the "Objection Deadline"), and must include the following: (a) the case name and number; (b) the full name, address, telephone number, and email address of the person objecting; (c) the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel); (d) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and also the specific grounds for the objection; (e) the number of class action settlements objected to by the Settlement Class Member in the last three years, and a list of those cases by case name and number; and (f) an accompanying declaration submitted under penalty of perjury or a sworn affidavit.

24.     No Class Member may contest the approval of the terms and conditions of the Settlement, the Final Judgment, any request for or award of attorneys' fees and costs to Class Counsel, or any request for or award of Plaintiff service awards, except by filing and serving a written objection in accordance with the provisions set forth above. Any Class Member who fails

to object in the manner prescribed above, shall be deemed to have waived, and shall be foreclosed forever from raising, objections to the Settlement, Class Counsel's application for attorneys' fees and costs, and any application for Plaintiff service awards.

25.     The Court directs that the Final Approval Hearing be scheduled for November 19, 2020, to assist the Court in determining whether the Settlement should be finally approved as fair, reasonable and adequate to the Class Members; whether the Final Judgment should be entered; whether Class Counsel's application for attorneys' fees and costs should be approved; and whether any request for service awards for the Plaintiffs should be approved.

26.     By no later than thirty-five (35) days before the Final Fairness hearing, Plaintiffs and Class Counsel shall file a motion for final approval of the Settlement and an application for attorneys' fees and expenses and for Plaintiff service awards. By no later than fourteen (14) days before the Final Approval Hearing, the Parties shall file any responses to any Class Member objections, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees and expenses and for Plaintiff service awards. After it is filed, Class Counsel's application for attorneys' fees, costs, and Plaintiff service awards shall be posted on the Settlement Website.

27.     The Court reserves the right to modify the date of the Final Approval Hearing and related deadlines set forth herein. In the event the Final Approval Hearing is moved, the new date and time shall be posted on the Settlement Website.

28.     If the Settlement terminates for any reason, this Action will revert to its previous status in all respects as it existed before the Parties executed the Agreement. This Court's conditional certification of the Class and findings underlying the conditional certification shall be solely for settlement purposes. This Order will not waive or otherwise impact the Parties' rights or arguments.

29.     Pending the final determination of whether the Settlement should be approved, all proceedings in this Action, except as may be necessary to implement the Settlement or comply with the terms of the Settlement, are hereby stayed.

30.     Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Order.

31.     The following chart summarizes the dates and deadlines set by this Order:

| | |
|---|---|
| Notice Deadline | 60 days after entry of this Preliminary Approval Order |
| Last day for: (a) Plaintiffs to file motion for final approval of the Settlement; and (b) Class Counsel to file their application for attorneys' fees, costs, and Plaintiff service awards | Thursday, October 15, 2020 (*i.e.*, 35 days before the Final Fairness Hearing) |
| Claim, Exclusion, and Objection Deadline | 120 days after entry of this Preliminary Approval Order |
| Last day for the Parties to file any responses to objections, and any reply papers in support of motion for entry of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and Plaintiff service awards | Thursday, November 5, 2020 (*i.e.*, 14 days before Final Approval Hearing) |
| Final Approval Hearing | Thursday, November 19, 2020 |

DATED:  June 10, 2020

HON. EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE